UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPRT, LLC<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>2080 MEDIA, INC. D/B/A PLAYON! SPORTS<br><br>　　　　　　Defendant. | Civil Action No. 5:14-CV-424 [LEK/DEP] |

**COMPLAINT**

Plaintiff SPRT, LLC ("SPRT"), through its undersigned attorneys, hereby states its Complaint against Defendant 2080 Media, Inc. d/b/a PlayOn! Sports, as follows:

**NATURE OF THIS ACTION**

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

**PARTIES**

2. Plaintiff SPRT, LLC is a New York Limited Liability Company with its principal place of business at 6800 Townline Road, Syracuse, New York 13211.

3. Upon information and belief, Defendant 2080 Media, Inc. d/b/a PlayOn! Sports is a corporation organized and existing under the laws of the State of Delaware.

4. Upon information and belief, 2080 Media, Inc. d/b/a PlayOn! Sports has a principal place of business at 2835 Brandywine Road, McGill Building Suite 102, Atlanta, Georgia 30341.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a), because this action arises under the Patent Laws of the United States, Title 35 of the United States Code.

6. This Court has personal jurisdiction over Defendant 2080 Media, Inc. d/b/a PlayOn! Sports ("PlayOn! Sports") because Defendant PlayOn! Sports used, practiced, sold, and/or offered to sell in the United States and in the Northern District of New York methods for receiving, converting, transmitting, redistributing and viewing video productions of minor sports events over the Internet that infringe at least one claim of U.S. Patent No. 7,340,765, and thus: (1) transacted business within the state or contracted anywhere to supply infringing goods or services in this State and this District; (2) committed tortious acts of infringement within this State and in this District; and/or (3) committed tortious acts of infringement without this State that caused injury within this State and this District either (i) while regularly doing business, engaging in a persistent course of conduct, or deriving substantial revenue from infringing goods sold to consumers in this State and in this District, and/or (ii) while deriving substantial revenue from interstate or international commerce while expecting that its infringing acts would have consequences within this State and this District.

7. Venue is proper in this District under 28 U.S.C. §§ 1391(b), 1391(c) and 1400 because 2080 Media, Inc. d/b/a PlayOn! Sports is subject to personal jurisdiction in this District.

**THE PATENT-IN-SUIT**

8. On March 4, 2008, the U.S. Patent and Trademark Office ("USPTO") issued U.S. Patent No. 7,340,765 ("the '765 Patent"), entitled "Archiving And Viewing Sports Events Via Internet," to Robert H. Feldmeier. A true and correct copy of the '765 Patent is attached as Exhibit A.

9. SPRT is the lawful owner of all rights, titles, and interests in the '765 Patent by assignment, including the right to sue for patent infringement.

10. SPRT has placed the required statutory notice under 35 U.S.C. § 287 on all or substantially all products and services used, offered and sold by or for SPRT under the '765 Patent after issuance thereof.

**COUNT 1**

(DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,340,765 BY PLAYON! SPORTS

11. SPRT repeats and realleges the allegations contained in Paragraphs 1 through 10 above as if fully set forth herein.

12. Upon information and belief, PlayOn! Sports uses, practices, sells, offers for sale, methods for receiving, converting and transmitting internet-based video productions of minor sports events through its website(s) ("PlayOn! Sports websites"), including but not limited to www.NFHSnetwork.com.

13. PlayOn! Sports has received actual notice from or on behalf of Plaintiff SPRT, LLC, that its activities constitute direct or indirect infringement of the claims of the '765 Patent.

14. Upon information and belief, and according to the "School Program" tab on the webpage at http://origin.nfhsnetwork.com/company#schoolProgramTab, "The NFHS Network School Broadcast Program (SBP), powered by PlayOn! Sports, brings your school the capability to broadcast live coverage of your school's events. PlayOn! Sports provides your school with the software and tools needed to stream sports, graduations, news shows, guest speakers, interviews and award ceremonies over the Internet."

15. Upon information and belief, and according to the webpage at http://company.playonsports.com/school/index.html, "The NFHS Network School Broadcast Program provides individual schools with an education-based broadcasting program that enables students and faculty to capture, edit and publish original content. The NFHS Network

3

provides your school with the software and resources needed to produce TV-like events such as sports, graduation, school newscasts, guest speakers and award ceremonies for broadcast over the Internet. You can start with as little as a camera and a laptop or integrate it with existing equipment for a more advanced production."

16. Upon information and belief, and according to the webpage at http://company.playonsports.com/school/index.html, "The School Broadcast Program is available to high schools nationwide. The program allows schools to leverage PlayOn! Sports extensive and proprietary technology, services and support to build their school's digital network on the NFHS Network."

17. Upon information and belief, PlayOn! Sports contracts with academic institutions ("PlayOn! Sports Participating Institutions") encourage and/or obligate PlayOn! Sports Participating Institutions to perform steps of a process that infringes at least one claim of the '765 Patent.

18. Upon information and belief, PlayOn! Sports individually and/or jointly with the PlayOn! Sports Participating Institutions, has been and is now directly infringing at least one claim of the '765 Patent, within the meaning of 35 U.S.C. § 271(a), by using, practicing, offering for sale or selling through its website methods for receiving, converting and transmitting Internet-based video productions of minor sports events that infringe at least one claim of the '765 Patent without authority or license from SPRT.

19. PlayOn! Sports' infringement of the '765 Patent has been deliberate and willful.

20. SPRT has been damaged by PlayOn! Sports' infringement of the '765 Patent.

## COUNT 2

(INDUCEMENT OF INFRINGEMENT OF U.S. PATENT NO. 7,340,765 BY PLAYON! SPORTS

21. SPRT repeats and realleges the allegations contained in Paragraphs 1 through 20 above as if fully set forth herein.

4

22. Upon information and belief, PlayOn! Sports has contracted with one or more PlayOn! Sports Participating Institutions to use, practice, sell, offer for sale, methods for receiving, converting and transmitting Internet-based video productions of minor sports events through PlayOn! Sports websites, including but not limited to www.NFHSnetwork.com.

23. Upon information and belief, PlayOn! Sports entered contracts with one or more PlayOn! Sports Participating Institutions that encourage and/or obligate PlayOn! Sports Participating Institutions to perform steps of a process that infringes at least one claim of the '765 Patent.

24. Upon information and belief, one or more PlayOn! Sports Participating Institutions, individually and jointly with PlayOn! Sports, have been and are now directly infringing at least one claim of the '765 Patent, within the meaning of 35 U.S.C. § 271(a), by using, practicing, offering for sale or selling through PlayOn! Sports websites methods of receiving, converting and transmitting Internet-based video productions of minor sports events that infringe at least one claim of the '765 Patent without authority or license from SPRT.

25. Upon information and belief, PlayOn! Sports entered contractual obligations with one or more PlayOn! Sports Participating Institutions, encouraging and/or obligating PlayOn! Sports to perform steps of a process that infringes at least one claim of the '765 Patent, knowing that said process infringes at least one claim of the '765 Patent.

26. Upon information and belief, PlayOn! Sports entered contractual obligations with one or more PlayOn! Sports Participating Institutions, encouraging and/or obligating PlayOn! Sports Participating Institutions to perform steps of a process that infringes at least one claim of the '765 Patent, with the intention that such Participating Institutions would infringe the '765 Patent.

27. Upon information and belief, PlayOn! Sports promoted and marketed PlayOn! Sports websites, and the process by which internet-based video productions of minor sports

5

events are produced and distributed via said websites, to academic institutions after receiving notice of infringement of the '765 Patent.

28. Upon information and belief, PlayOn! Sports promoted and marketed PlayOn! Sports websites and the process by which internet-based video productions of minor sports events are produced and distributed via said websites, to academic institutions knowing that said process infringes at least one claim of the '765 Patent.

29. Upon information and belief, PlayOn! Sports promoted and marketed its website and the process by which internet-based video productions of minor sports events are produced and distributed via said websites, to academic institutions with the intention of inducing those institutions to infringe the '765 Patent.

30. Upon information and belief, PlayOn! Sports entered contracts with one or more PlayOn! Sports Participating Institutions that included provisions requiring PlayOn! Sports to share a portion of its revenues with the contracting institutions with the intention of inducing those institutions to infringe the '765 Patent.

31. Upon information and belief, PlayOn! Sports promoted and marketed PlayOn! Sports websites and the process by which internet-based video productions of minor sports events are produced and distributed via said websites, as providing a means for participating institutions to achieve reduced production costs because video productions could be produced by the participating institutions, with the intention of inducing such institutions to infringe the '765 Patent.

32. Upon information and belief, PlayOn! Sports encouraged one or more PlayOn! Sports Participating Institutions to produce video productions of minor sports events using the institution's own resources, with the intention of inducing such institutions to infringe the '765 Patent.

33. Upon information and belief, PlayOn! Sports performed steps of a process that infringes at least one claim of the '765 Patent, pursuant to contracts with one or more PlayOn!

6

Sports Participating Institutions, knowing that the process performed by such Participating Institutions infringes at least one claim of the '765 Patent.

34. Upon information and belief, PlayOn! Sports performed steps of a process that infringes at least one claim of the '765 Patent, pursuant to contracts with one or more PlayOn! Sports Participating Institutions, with the intention that said Participating Institutions infringe at least one claim of the '765 Patent.

35. Upon information and belief, PlayOn! Sports performed steps of a process that infringes at least one claim of the '765 Patent, pursuant to contracts with one or more PlayOn! Sports Participating Institutions, without any objectively reasonable basis for believing that process for producing and distributing internet-based video productions of minor sports events produced and distributed by that process would not infringe the '765 Patent.

36. Upon information and belief, PlayOn! Sports performed steps of a process that infringes at least one claim of the '765 Patent, pursuant to contracts with one or more PlayOn! Sports Participating Institutions, without any objectively reasonable basis for believing that minor sports events depicted in the internet-based video productions used, practiced, offered for sale or sold through PlayOn! Sports' website did not depict minor sports.

37. Upon information and belief, PlayOn! Sports performed steps of a process that infringes at least one claim of the '765 Patent, pursuant to contracts with one or more PlayOn! Sports Participating Institutions, without any objectively reasonable basis for believing that the internet-based video productions of minor sports events used, viewed, offered for sale or sold through PlayOn! Sports websites were not produced by the PlayOn! Sports Participating Institutions by self help.

38. Upon information and belief, PlayOn! Sports has been and is now inducing infringement of at least one claim of the '765 Patent, within the meaning of 35 U.S.C. § 271(b), by inducing one or more PlayOn! Sports Participating Institutions to use, view, offer for sale or sell through PlayOn! Sports' website internet-based video productions of minor sports events

produced and distributed using a process that infringes at least one claim of the '765 Patent without authority or license from SPRT.

39. PlayOn! Sports' inducing infringement of the '765 Patent has been deliberate and willful.

40. SPRT has been damaged by PlayOn! Sports' inducing infringement of the '765 Patent.

## COUNT 3

(CONTRIBUTORY PATENT INFRINGEMENT OF U.S. PATENT NO. 7,340,765 BY PLAYON! SPORTS )

41. SPRT repeats and realleges the allegations contained in Paragraphs 1 through 40 above as if fully set forth herein.

42. Upon information and belief, one or more PlayOn! Sports Participating Institutions, individually and/or jointly with PlayOn! Sports have been and are now directly infringing at least one claim of the '765 Patent, within the meaning of 35 U.S.C. § 271(a), by using, practicing, offering for sale or selling through PlayOn! Sports websites methods for receiving, converting and transmitting Internet-based video productions of minor sports events that infringe at least one claim of the '765 Patent without authority or license from SPRT.

43. PlayOn! Sports' contributory infringement of the '765 Patent has been deliberate and willful.

44. SPRT has been damaged by PlayOn! Sports' contributory infringement of the '765 Patent.

## PRAYER FOR RELIEF

WHEREFORE, SPRT respectfully requests that this Court enter judgment against the Defendant, granting SPRT the following relief:

A. a declaration and entry of judgment that Defendant PlayOn! Sports has infringed the '765 Patent;

B. an accounting of all damages resulting from the Defendant's infringement of the '765 Patent;

C. an award of damages adequate to compensate SPRT for the Defendant's infringement of the '765 Patent;

D. a determination that the Defendant's infringement of the '765 Patent has been willful and deliberate;

E. an award of treble damages for the Defendant's willful and deliberate infringement of the '765 Patent;

F. an award of interest on the amount of damages found, including pre-judgment and post-judgment interest;

G. an injunction against future infringement by Defendant, its officers, agents, servants, employees, and all those in concert or participation with the Defendant who receive actual notice, from engaging in acts of infringement of the '765 Patent, in accordance with 35 U.S.C. § 283;

H. a determination that this is an exceptional case pursuant to 35 U.S.C. § 285, thereby entitling SPRT to an award of its costs, expenses, and attorneys' fees incurred prosecuting this action; and

I. such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

SPRT demands a trial by jury of all issues so triable.

Date: April 15, 2014

                              *s/James R. Muldoon*
                              James R. Muldoon (Bar Roll No. 506772)
                              Ted H. Williams (Bar Roll No. 102830)
                              HARRIS BEACH PLLC
                              333 West Washington Street, Suite 200
                              Syracuse, NY 13202
                              Telephone:     (315) 423-7100
                              Facsimile:       (315) 422-9331

                              *Attorneys for Plaintiff SPRT, LLC*